LATHAM & WATKINS LLP
Timothy L. O'Mara (Bar No. 212731)
 *tim.o'mara@lw.com*
Andrew M. Gass (Bar No. 259694)
 *andrew.gass@lw.com*
Alicia R. Jovais (Bar No. 296172)
*alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Robert J. Ellison (Bar No. 274374)
 *robert.ellison@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501

Gary Feinerman (*Admitted Pro Hac Vice*)
 *gary.feinerman@lw.com*
330 North Wabash, Suite 2800
Chicago, Illinois 60611
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767

*Attorneys for Defendant Ticketmaster L.L.C.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE HOGAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TICKETMASTER LLC,<br><br>    Defendant. | Case No. 2:24-cv-10098-SVW-SK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Judge:    Hon. Stephen V. Wilson<br>Date:     March 31, 2025<br>Time:     1:30 p.m. PT<br>Place:    Courtroom 10A |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

TO THIS HONORABLE COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on March 31, 2025, at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-referenced Court, located at the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012, Defendant Ticketmaster L.L.C. ("Ticketmaster") will and hereby does move to transfer this case brought by Plaintiff Melanie Hogan ("Plaintiff") to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a).

As set forth in the accompanying Memorandum of Points and Authorities, Plaintiff's claim for relief under the Illinois Ticket Sale and Resale Act (the "Act") is based on her assertion that she used Ticketmaster's website to purchase three resale tickets for an event at the United Center in Chicago, Illinois. However, by signing into her Ticketmaster account on multiple occasions and purchasing those and other tickets, Plaintiff affirmatively agreed to Ticketmaster's Terms of Use ("Terms"), which include a valid and enforceable forum-selection clause identifying the State of Illinois as the exclusive judicial forum for claims under the Act. Under *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 63 (2013), a forum-selection clause should be enforced absent "extraordinary circumstances." No such extraordinary circumstances exist here, and this case should be transferred to the Northern District of Illinois under § 1404(a).

This Motion is made following the conference of counsel pursuant to L.R. 7-3. On January 7, 2025, Ticketmaster's counsel emailed Plaintiff's counsel, asking to meet and confer. On January 9, 2025, counsel for Ticketmaster and Plaintiff held a telephone conference and discussed the transfer issue. Ticketmaster's counsel explained that it was filing this Motion on the basis of a forum-selection clause, and offered to send a copy of the Terms, including the forum-selection clause, to Plaintiff's counsel. Later that day, Ticketmaster's counsel emailed the Terms to

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CHICAGO

i

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

1  Plaintiff's counsel.  On January 13, 2025, Plaintiff's counsel emailed Ticketmaster's
2  counsel confirming they had reviewed the forum-selection clause and intended to
3  oppose this Motion on the ground that the clause is unenforceable.  This Motion is
4  based on this Notice of Motion and Motion, the accompanying Memorandum of
5  Points and Authorities in support thereof, and the concurrently-filed declarations of
6  Alicia Jovais, Kimberly Tobias, Travis Cook, John Taylor, and George Yue,
7  including any exhibits thereto, and upon such further oral argument and
8  documentary evidence as may be presented at the time of hearing.

Respectfully submitted,

LATHAM & WATKINS LLP

Dated:  January 17, 2025          By  /s/ Gary Feinerman
                                        Gary Feinerman

*Attorneys for Defendant*
*Ticketmaster L.L.C.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

ii

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND .............................................................................. 1

    A.      The Parties ................................................................................................ 1

    B.      Plaintiff's Claim ...................................................................................... 1

    C.      Plaintiff's Sign-Ins and Purchases on Ticketmaster's Website ..................................................................................................... 2

    D.      Plaintiff's Acceptance of Ticketmaster's Terms of Use ..................... 3

        1.      The Terms of Use ......................................................................... 3

        2.      Plaintiff's Agreement to the Terms ........................................... 5

            a.      *Plaintiff's Agreement to the Terms at Sign-In* ............................................................................... 5

            b.      *Plaintiff's Agreement to the Terms at Purchase* ............................................................... 6

III.    LEGAL STANDARD ........................................................................................ 7

IV.     ARGUMENT ..................................................................................................... 8

    A.      This Action Could Have Been Brought In The Northern District of Illinois ..................................................................................... 8

    B.      Plaintiff Agreed To The Forum-Selection Clause, Which Is Mandatory And Plainly Covers Her Claim ...................................... 9

        1.      Plaintiff Agreed To Be Bound By The Forum-Selection Clause ............................................................................. 9

        2.      The Forum-Selection Clause Is Mandatory, And Plaintiff's Claim Falls Within Its Scope ................................. 10

    C.      The Forum-Selection Clause Is Valid And Enforceable ................... 12

        1.      The Forum-Selection Clause Was Not A Product Of Fraud Or Overreaching ......................................................... 12

        2.      The Forum-Selection Clause Does Not Deprive Plaintiff Of Her Day In Court ................................................ 13

        3.      The Forum-Selection Clause Does Not Violate The Public Policy Of This Forum ................................................... 13

        4.      The Heckman Decision Does Not Foreclose

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

i

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

1

Enforcement Of The Forum-Selection Clause ......................... 14

2       D.    Section 1404(a)'s Public-Interest Factors Support
              Transfer And, At A Minimum, Do Not Overcome The
3             Forum-Selection Clause ...................................................... 16

4    V.       CONCLUSION ............................................................................ 17

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
CHICAGO

ii

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ajzenman v. Off. of Comm'r of Baseball*,
    2020 WL 6031899 (C.D. Cal. Sept. 14, 2020)...................................................10

*Am. Guard Servs., Inc. v. Mgmt. Info. Tech. Corp.*,
    2011 WL 2940407 (C.D. Cal. July 21, 2011) .......................................13

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. Tex.*,
    571 U.S. 49 (2013) ...................................................................*passim*

*Bernal v. Kohl's Corp.*,
    2023 WL 8008977 (C.D. Cal. Nov. 17, 2023) .......................................16

*Bowman v. Kona Univ., Inc.*,
    2013 WL 3819674 (C.D. Cal. July 23, 2013) .......................................11

*Crawford v. Beachbody, LLC*,
    2014 WL 6606563 (S.D. Cal. Nov. 5, 2014) ...................................9, 10, 12, 13

*Cream v. N. Leasing Sys., Inc.*,
    2015 WL 4606463 (N.D. Cal. July 31, 2015) .........................................2

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009).......................................................14

*Greenfruit Avocados, LLC v. Starr Indem. & Liab. Co.*,
    2024 WL 4800076 (C.D. Cal. Sept. 12, 2024)........................................7, 8

*Guadagno v. E\*Trade Bank*,
    592 F. Supp. 2d 1263 (C.D. Cal. 2008).............................................13

*Hansen v. Ticketmaster Ent., Inc.*,
    2020 WL 7319358 (N.D. Cal. Dec. 11, 2020) ........................................10

*Heckman v. Live Nation Ent., Inc.*,
    686 F. Supp. 3d 939 (C.D. Cal. 2023), *aff'd*, 120 F.4th 670 (9th
    Cir. 2024)..........................................................................15

*Heckman v. Live Nation Ent., Inc.*,
    120 F.4th 670 (9th Cir. 2024)....................................................12, 14

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CHICAGO

iii

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

*James Dar, LLC v. OJCommerce, LLC*,
  2021 WL 4099450 (C.D. Cal. Sept. 9, 2021) ...................................................... 12

*KMS, LLC v. Major League Trucking, Inc.*,
  2023 WL 5333784 (C.D. Cal. July 25, 2023) ..................................................... 17

*LaCross v. Knight Transp., Inc.*,
  95 F. Supp. 3d 1199 (C.D. Cal. May 28, 2015) ................................................. 14

*Lee v. Ticketmaster L.L.C.*,
  817 F. App'x 393 (9th Cir. 2020) ........................................................................ 10

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972) .......................................................................................... 7, 12

*Metz v. U.S. Life Ins. Co. in City of N.Y.*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) .............................................................. 16

*Moretti v. Hertz Corp.*,
  2014 WL 1410432 (N.D. Cal. Apr. 11, 2014) .................................................... 10

*Murphy v. Schneider Nat'l Inc.*,
  362 F.3d 1133 (9th Cir. 2003) .................................................................. 7, 12, 13

*N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*,
  69 F.3d 1034 (9th Cir. 1995) ............................................................................... 11

*Oberstein v. Live Nation Ent., Inc.*,
  2021 WL 4772885 (C.D. Cal. Sept. 20, 2021), *aff'd*, 60 F.4th 505
  (9th Cir. 2023) ..................................................................................................... 12

*Oberstein v. Live Nation Ent., Inc.*,
  60 F.4th 505 (9th Cir. 2023) ............................................................................... 10

*Quality Office Furnishing, Inc. v. Allsteel, Inc.*,
  2017 WL 11662670 (C.D. Cal. June 23, 2017) .................................................... 8

*Richards v. Lloyd's of London*,
  135 F.3d 1289 (9th Cir. 1998) (en banc) ........................................................... 12

*Sandler v. iStockphoto LP*,
  2016 WL 871626 (C.D. Cal. Feb. 5, 2016) ................................................. 10, 13

*Scherk v. Alberto-Culver Co.*,
  417 U.S. 506 (1974) ............................................................................................ 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

*Sun v. Advanced China Healthcare, Inc.*,
   901 F.3d 1081 (9th Cir. 2018)............................................................................... 10

*Walker v. Carnival Cruise Lines*,
   107 F. Supp. 2d 1135 (N.D. Cal. 2000) .............................................................. 13

**STATUTES**

815 ILCS 414/1 *et seq.* ............................................................................................ 1

815 ILCS 414/1.5(a) ................................................................................................ 2

815 ILCS 414/1.5(b)(1)(F)(iii) ......................................................................... 2, 11

815 ILCS 414/1.5(e)(6) ............................................................................................ 2

28 U.S.C.
   § 1391(b)(2)......................................................................................................... 8
   § 1404(a)............................................................................................. 1, 7, 8, 16

**OTHER AUTHORITIES**

"Biographical Directory of Article III Federal Judges, 1789-Present,"
   Federal Judicial Center,
   https://www.fjc.gov/history/judges/search/advanced-search (last
   visited Jan. 15, 2025)........................................................................................ 17

Lex Machina, "U.S. District Court for the Central District of
   California" (last visited Jan. 6, 2025)............................................................... 17

Lex Machina, "U.S. District Court for the Northern District of
   Illinois" (last visited Jan. 6, 2025)................................................................... 17

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
CHICAGO

v

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

## I.    INTRODUCTION

Plaintiff Melanie Hogan ("Plaintiff") filed this suit against Defendant Ticketmaster L.L.C. ("Ticketmaster") in the wrong judicial forum.  Under the valid and enforceable forum-selection clause in Ticketmaster's Terms of Use ("Terms")—which Plaintiff affirmatively accepted on multiple occasions—Plaintiff agreed to submit to the jurisdiction of the State of Illinois for any litigation regarding the alleged resale of any tickets for events in Illinois.  Plaintiff's allegations indisputably regard the resale of tickets for an event in Illinois, yet Plaintiff filed this suit in the Central District of California.

Settled precedent holds that where "parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case [under 28 U.S.C. § 1404(a)] to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. Tex.*, 571 U.S. 49, 62 (2013).  "Only under extraordinary circumstances unrelated to the convenience of the parties" should a district court deny such a § 1404(a) motion.  *Id.*  No extraordinary circumstances exist here.  Accordingly, this Court should enforce the parties' forum-selection clause and transfer this case to the Northern District of Illinois under § 1404(a).

## II.    FACTUAL BACKGROUND

### A.    The Parties

Plaintiff alleges that, at all times material to this suit, she was a citizen and resident of Chicago, Illinois.  ECF No. 1 ("Compl.") ¶ 11.  Defendant Ticketmaster is a global ticket sales and distribution company that sells tickets for live events, such as concerts and sports games, through websites, including www.ticketmaster.com.  *See id.* ¶ 12.

### B.    Plaintiff's Claim

On November 21, 2024, Plaintiff filed this putative class action suit, which alleges that Ticketmaster unlawfully resold tickets to Illinois amusement events at above face-value prices in violation of the Illinois Ticket Sale and Resale Act, 815

ILCS 414/1 *et seq.* (the "Act"). Specifically, Plaintiff alleges that on October 9, 2024, she purchased through Ticketmaster three tickets to *Nick Cannon Presents: Wild 'n' Out* at the United Center in Chicago at a price exceeding their face value. Compl. ¶¶ 11, 34. The Act makes it unlawful to sell tickets to athletic events, entertainment events, "or any other amusement for a price more than the price printed upon the face of said ticket[.]" 815 ILCS 414/1.5(a). However, the Act carves an exception that allows qualifying brokers, resellers, and internet website operators, such as Ticketmaster, to resell tickets at above face value if they have "adopted a procedure for the binding resolution of consumer complaints by an independent, disinterested third party[.]" *Id.* 414/1.5(b)(1)(F)(iii); *see also id.* 414/1.5(e)(6) (applying exception to internet website operators).

Plaintiff's central allegation is that Ticketmaster does not qualify for this exception because, starting on July 2, 2021, it began using arbitration provider New Era ADR to resolve consumer disputes. Compl. ¶ 3. As Plaintiff sees it, New Era ADR is not an independent and disinterested third-party dispute resolution provider within the meaning of 815 ILCS 414/1.5(b)(1)(F)(iii). *Id.* ¶¶ 3, 6. It follows, according to Plaintiff, that Ticketmaster is not exempt from the Act and therefore that it violated the statute in connection with her ticket purchases. *Id.* ¶¶ 6–7. In addition, Plaintiff seeks to certify a nationwide class and an Illinois subclass of individuals who were allegedly overcharged by Ticketmaster for resale tickets to Illinois-based amusement events. *Id.* ¶¶ 22–23.

## C.    Plaintiff's Sign-Ins and Purchases on Ticketmaster's Website

Ticketmaster's records confirm that Plaintiff has been a Ticketmaster account holder since February 4, 2016. *See* Decl. of T. Cook, filed in Supp. of Mot. to Transfer ("Cook Decl.") ¶ 4.[1] Since July 21, 2021, the start of the alleged class

---

[1] In resolving motions to transfer based on a forum-selection clause, the Court may consider facts beyond the pleadings that are pertinent to the clause's terms and application to the plaintiff. *See Cream v. N. Leasing Sys., Inc.*, 2015 WL 4606463, at *4 (N.D. Cal. July 31, 2015).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

2

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

period, Plaintiff has signed into her Ticketmaster account at least ten times. Decl. of G. Yue in Supp. of Mot. to Transfer ("Yue Decl.") ¶ 5. Ticketmaster's records further confirm that Plaintiff used Ticketmaster's website to purchase tickets to two events in Illinois during the alleged class period. Decl. of J. Taylor in Supp. of Mot. to Transfer ("Taylor Decl.") ¶¶ 4–6.

### D. Plaintiff's Acceptance of Ticketmaster's Terms of Use

#### 1. *The Terms of Use*

To sign in and make purchases on Ticketmaster's website, users, including Plaintiff, must agree to Ticketmaster's Terms. Decl. of K. Tobias in Supp. of Mot. to Transfer ("Tobias Decl.") ¶¶ 5–10.

Since 2011, Ticketmaster's Terms have included a provision whereby users expressly agree to submit claims against Ticketmaster to binding arbitration. *Id.* ¶ 11. The current Terms, operative since July 2, 2021, require users to submit their disputes with Ticketmaster to individual arbitration and to waive any right to bring or participate in a class or representative action:

> **YOU AND WE EACH AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY DISPUTE, CLAIM, OR CONTROVERSY RELATING IN ANY WAY TO THE TERMS, YOUR USE OF THE SITE, OR PRODUCTS OR SERVICES SOLD, DISTRIBUTED, ISSUED, OR SERVICED BY OR THROUGH US—IRRESPECTIVE OF WHEN THAT DISPUTE, CLAIM, OR CONTROVERSY AROSE—WILL BE RESOLVED SOLELY BY BINDING, INDIVIDUAL ARBITRATION AS SET FORTH IN THE TERMS, RATHER THAN IN COURT. YOU AND WE THEREBY EACH AGREE TO WAIVE ANY RIGHT TO A JURY TRIAL, AND AGREE THAT YOU AND WE MAY BRING CLAIMS AGAINST EACH OTHER ONLY IN AN INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.**

*Id.*, Ex. 7.

The Terms further specify that "[a]ny arbitration will be administered by New Era ADR in accordance with their Virtual Expedited Arbitration Rules and Procedures, as well as any applicable General Rules and Procedures, except as modified by the Terms," and provide a link to those Rules and Procedures (the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

3

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

"Rules"). *Id.* The Rules make clear that, like other arbitration providers, "New Era ADR reserves the right to make changes and amendments" to the Rules, and "[i]f the Parties have entered into an arbitration or mediation agreement, the version of the Rules in effect at the time a claim is filed with New Era ADR will govern the arbitration or mediation, unless the Parties mutually agree to another version." Decl. of A. Jovais in Supp. of Mot. to Transfer ("Jovais Decl."), Ex. 1, Rule 2(dd)(i–ii). The most recent revision of New Era's Rules before this case was filed occurred on August 22, 2024. *Id.* ¶ 2.

Of particular pertinence here, the Terms also include a forum-selection clause called the "Special Provision Regarding Resale Tickets for Events Located in Illinois." Tobias Decl. ¶ 12. This clause requires users "to submit to jurisdiction in Illinois" for "any court proceeding" "involving a ticketed event held in Illinois":

> Solely for the purpose of complying with the Illinois Ticket Sale and Resale Act, 815 ILCS 414/1.5 et seq., if your dispute regards the resale of a ticket for any event located in the State of Illinois, then the following applies: You may submit any complaint you may have to New Era ADR as an arbitration demand, in accordance with the rules and procedures outlined in this section, and any such claims shall be decided by an independent arbitrator in accordance with the Terms. ***Without waiving the agreement to arbitrate or any other terms in this Section 17, you also agree to submit to the jurisdiction of the State of Illinois for any complaints involving a ticketed event held in Illinois***. For the sake of clarity, your agreement to submit to the jurisdiction of the State of Illinois for any complaint involving a ticketed event held in Illinois does not in any way waive your and our agreement to arbitrate, or the scope of arbitration, but simply means that—***for any court proceeding that may take place in conjunction with an arbitration (e.g., a motion to enforce an arbitration award), or in the event the arbitration agreement is held unenforceable—you agree to submit to jurisdiction in Illinois***. If you have an inquiry regarding a ticket resale transaction made for any event located in Illinois, please contact us at 550 W. Van Buren Street, 13th Floor, Chicago, Illinois 60607 or (877) 446-9450.

*Id.*, Ex. 7 (emphases added).[2]

---

[2] Ticketmaster reserves all rights to move to compel arbitration after a ruling on this Motion to Transfer, whether the Motion is granted or denied.

## 2.  *Plaintiff's Agreement to the Terms*

To purchase tickets on Ticketmaster's website, users must agree to the Terms at numerous, distinct times—including at account sign-in and ticket purchase.  *Id.* ¶¶ 5–10.  As noted above, *see supra* Section II.C., since the start of the alleged class period on July 2, 2021, Plaintiff has signed into her Ticketmaster account at least ten times.  Yue Decl. ¶ 5.  Ticketmaster's records further confirm that Plaintiff used Ticketmaster's website to purchase tickets to two ticketed events in Illinois during the alleged class period:

- On August 3, 2022, Plaintiff purchased tickets to *Chris Brown & Lil Baby: One Of Them Ones Tour* at the Credit Union 1 Amphitheater in Tinley Park, Illinois.  Taylor Decl. ¶ 5.

- As alleged in the Complaint, on October 9, 2024, Plaintiff purchased tickets to *Nick Cannon Presents: Wild 'n' Out* at the United Center in Chicago, Illinois.  *Id.* ¶ 6; Compl. ¶ 11.

### a.  *Plaintiff's Agreement to the Terms at Sign-In*

In order to take various actions on Ticketmaster's website, users must sign into their accounts and assent to the Terms.  Ticketmaster's records demonstrate that Plaintiff has signed in multiple times and saw the current version of the sign-in flow, which has been in place since at least the time of Ticketmaster's last update to the Terms on July 2, 2021.  Yue Decl. ¶ 5.  Each time Plaintiff signed in, she was notified on the sign-in page that: "By continuing past this page, you agree to the **Terms of Use** and understand that information will be used as described in our **Privacy Policy**."  *See* Tobias Decl. ¶¶ 5–7, Exs. 1–2.  The words "**Terms of Use**" appeared in bold, bright blue, color-contrasting text, immediately above the "**Sign in**" button, and hyperlinked directly to the full text of the Terms:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

5

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

*See id.* Plaintiff would have seen this screen each time she signed in on July 8, 2022, August 4, 2022, February 2, 2023, August 29, 2024 (three times), October 9, 2024, and November 20, 2024 (three times). Yue Decl. ¶ 5.

> b.    *Plaintiff's Agreement to the Terms at Purchase*

In order to complete the purchase of a ticket using Ticketmaster's website, users must assent to the Terms again, checking a box to confirm their agreement. Ticketmaster's records demonstrate that Plaintiff completed at least two purchases using the current purchase flow, which has been active since at least the time of Ticketmaster's last update to the Terms on July 2, 2021. Taylor Decl. ¶¶ 4–6. Each time Plaintiff did so, depending on whether the particular event had special protocols related to COVID-19, Plaintiff would have seen either: (a) "**I have read and agree to the current Terms of Use,**" or (b) "**I have read and agree to the current Terms of Use,**" plus the event's COVID disclosure, as shown in the two excerpts below. Tobias Decl. ¶¶ 8–10 , Exs. 3–6. Either way, the notice required Plaintiff to check a box affirming her agreement to the Terms to make her purchases. The notices appeared in bold font, with the words "**Terms of Use**" in color-contrasting text (hyperlinked to the full text of the Terms), adjacent to the checkbox and immediately above the "Place Order" button:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

6

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

*Id.*  Plaintiff would have seen one of these screens when she purchased tickets from Ticketmaster on August 3, 2022 and October 9, 2024.  Taylor Decl. ¶¶ 4–6.

## III.    LEGAL STANDARD

Under federal law, which governs the enforceability of forum-selection clauses, a forum-selection clause is presumptively valid.  *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003).  "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust[.]'"  *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 17 (1972)).  A forum-selection clause is enforced through a motion to transfer under 28 U.S.C. § 1404(a).  *Atl. Marine*, 571 U.S. at 59–60.

In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion must balance private-interest and public-interest factors.  *Id.* at 62–63.  However, the "calculus changes" when the parties enter a contract with a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum."  *Id.* at 63 (internal quotation marks and citation omitted).  The existence of a valid forum-selection clause requires a district court to adjust its usual § 1404(a) analysis in three ways.

***First***, the plaintiff's "choice of forum merits no weight" and the plaintiff bears the burden of establishing that transfer to the bargained-for forum is "unwarranted."  *Greenfruit Avocados, LLC v. Starr Indem. & Liab. Co.*, 2024 WL 4800076, at *2 (C.D. Cal. Sept. 12, 2024) (quoting *Atl. Marine*, 571 U.S. at 63).  ***Second***, a district court "should not consider arguments about the parties' private interests," because "[w]hen the parties agree to a forum-selection clause, they waive the right to

challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses[.]" *Atl. Marine*, 571 U.S. at 64. **Third**, "if venue is transferred, the original venue's choice of law rules will not apply." *Greenfruit Avocados*, 2024 WL 4800076, at *2 (citing *Atl. Marine*, 571 U.S. at 64–65).

The practical result is that where the parties entered a valid forum-selection clause, "a district court may consider arguments about public-interest factors only." *Atl. Marine*, 571 U.S. at 64. These factors will "rarely defeat a transfer motion," so in "all but the most unusual cases, … the interest of justice is served by holding parties to their bargain." *Id.* at 64, 66 (internal quotation marks omitted).

Plaintiff cannot meet her heavy burden of showing that the public-interest factors overcome the forum-selection clause she entered with Ticketmaster. The clause is valid, and no extraordinary circumstances exist that render this one of "the most unusual cases" where a forum-selection clause should not be enforced.

## IV.   ARGUMENT

In deciding a motion to transfer involving a forum-selection clause, a district court determines whether: (1) the action could have originally been brought in the proposed transferee forum; (2) the clause is mandatory and the plaintiff's claims fall within the clause's scope; (3) the clause is valid and enforceable; and (4) the § 1404(a) public-interest factors outweigh the otherwise controlling weight of the clause. *See Quality Office Furnishing, Inc. v. Allsteel, Inc.*, 2017 WL 11662670, at *3, *6–7 (C.D. Cal. June 23, 2017).

### A.   This Action Could Have Been Brought In The Northern District of Illinois

A court can transfer an action under § 1404(a) only to a judicial district where the action originally could have been brought. *See* 28 U.S.C. § 1404(a). Here, venue is proper in the Northern District of Illinois because a substantial part of the events giving rise to the claim occurred in Illinois. *See* 28 U.S.C. § 1391(b)(2). Specifically, Plaintiff alleges that Ticketmaster violated an Illinois statute by

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
CHICAGO

8

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

overcharging her for a ticketed event in Chicago, which lies in the Northern District of Illinois.  Compl. ¶¶ 1–2, 6–7,  11.

### B. Plaintiff Agreed To The Forum-Selection Clause, Which Is Mandatory And Plainly Covers Her Claim

#### 1. *Plaintiff Agreed To Be Bound By The Forum-Selection Clause*

By signing into her account and purchasing tickets, Plaintiff affirmatively consented—multiple times—to the forum-selection clause in Ticketmaster's Terms. Each time Plaintiff signed in, she was notified on the sign-in page that: "By continuing past this page, you agree to the **Terms of Use** and understand that information will be used as described in our **Privacy Policy**."  Tobias Decl. ¶¶ 6–7, Exs. 1–2.   The phrase "**Terms of Use**" appeared in bold, bright blue, color-contrasting text, immediately above the "**Sign in**" button, and were hyperlinked directly to the full text of the Terms.  *Id.*  Likewise, each time Plaintiff purchased tickets, she was required to first click a box, declaring (a) "**I have read and agree to the current Terms of Use**," or (b) "**I have read and agree to the current Terms of Use**," plus the event's COVID disclosure.  *Id.* ¶¶ 8–10, Exs. 3–6 .  Plaintiff was able to read the Terms by clicking on the words "**Terms of Use**" in bold, bright blue, color-contrasting text (hyperlinked to the full text of the Terms), adjacent to the check box and immediately above the "Place Order" button.  *Id.* ¶ 8.  By clicking the check box, Plaintiff assented to be bound by the forum-selection clause in Ticketmaster's Terms.

The type of agreement that Plaintiff accepted at the point of purchase is a "clickwrap" agreement, which "requires users to expressly manifest assent to the terms by, for example, clicking an 'I accept' button." *Crawford v. Beachbody, LLC*, 2014 WL 6606563, at *3 (S.D. Cal. Nov. 5, 2014).  Such an agreement presents the user with a message on her device screen, requiring that she manifest her assent to the terms of the agreement by clicking on an icon; critically, the purchase cannot be completed until the icon is clicked.  *Id.*  Such "clickwrap" agreements "constitute

mutual assent," and their provisions are valid and enforceable. *See id.*; *Sandler v. iStockphoto LP*, 2016 WL 871626, at *2 (C.D. Cal. Feb. 5, 2016) ("Clickwrap agreements have been routinely upheld by circuit and district courts." (cleaned up)); *Moretti v. Hertz Corp.*, 2014 WL 1410432, at *2 (N.D. Cal. Apr. 11, 2014) ("It is sufficient to require a user to affirmatively accept the terms, even if the terms are not presented on the same page as the acceptance button as long as the user has access to the terms of service." (cleaned up)).

Consistent with the holdings of the Ninth Circuit, this Court, and others, either point of Plaintiff's assent—the purchase page with the checkbox, or the sign-in page—was sufficient to bind Plaintiff to Ticketmaster's Terms, including the forum-selection clause. *See, e.g.*, *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 516–17 (9th Cir. 2023) (Ticketmaster account creation, sign-in, and purchase pages sufficient to form contract); *Lee v. Ticketmaster L.L.C.*, 817 F. App'x 393, 394–95 (9th Cir. 2020) (Ticketmaster sign-in and purchase pages sufficient to form contract); *Hansen v. Ticketmaster Ent., Inc.*, 2020 WL 7319358, at *3–5 (N.D. Cal. Dec. 11, 2020) (Ticketmaster sign-in page sufficient to form contract); *Ajzenman v. Off. of Comm'r of Baseball*, 2020 WL 6031899, at *2, *4 (C.D. Cal. Sept. 14, 2020) (Ticketmaster sign-in and purchase pages sufficient to form contract).

## 2. The Forum-Selection Clause Is Mandatory, And Plaintiff's Claim Falls Within Its Scope

Courts "apply federal contract law to interpret the scope of a forum-selection clause[.]" *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). "In interpreting a forum-selection clause under federal law," the "general principles for interpreting contracts" control. *Id.* (citation omitted). A straightforward application of these principles confirms that the forum-selection clause in Ticketmaster's Terms is mandatory and covers Plaintiff's claim.

The forum-selection clause is mandatory because it contains mandatory language designating the chosen forum—Illinois—as the exclusive judicial forum

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

10

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

for litigation related to "the resale of a ticket for any event located in the State of Illinois":

> Without waiving the agreement to arbitrate or any other terms in this Section 17, *you also agree to submit to the jurisdiction of the State of Illinois for any complaints involving a ticketed event held in Illinois*. *For the sake of clarity, your agreement to submit to the jurisdiction of the State of Illinois for any complaint involving a ticketed event held in Illinois does not in any way waive your and our agreement to arbitrate, or the scope of arbitration, but simply means that*—for any court proceeding that may take place in conjunction with an arbitration (e.g., a motion to enforce an arbitration award), or in the event the arbitration agreement is held unenforceable—*you agree to submit to jurisdiction in Illinois.*

Tobias Decl. ¶ 12, Ex. 7. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Bowman v. Kona Univ., Inc.*, 2013 WL 3819674, at *1 (C.D. Cal. July 23, 2013) (quoting *N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995)). Here, the clause unambiguously designates Illinois as the exclusive judicial forum not once, but twice.

It is also clear that Plaintiff's claim under the Act falls within the forum-selection clause's scope. As noted, the clause covers "any complaints involving a ticketed event held in Illinois." Tobias Decl. ¶ 12, Ex. 7. The clause makes clear that it

> does not in any way waive [the user's] and our agreement to arbitrate, or the scope of arbitration, but simply means that—for any court proceeding that may take place in conjunction with an arbitration (e.g., a motion to enforce an arbitration award), or in the event the arbitration agreement is held unenforceable—you agree to submit to jurisdiction in Illinois.

*Id.* Plaintiff's claim—which alleges that Ticketmaster violated the Act in connection with her purchase of resale tickets for an event in Illinois, and that the Act's exemption for brokers and resellers that "adopted a procedure for the binding resolution of consumer complaints by an independent, disinterested third party," 815 ILCS 414/1.5(b)(1)(F)(iii), does not apply to Ticketmaster—plainly falls within the clause's scope.

## C.    The Forum-Selection Clause Is Valid And Enforceable

Because Plaintiff agreed to the forum-selection clause in Ticketmaster's Terms, it is valid and enforceable unless she can demonstrate: (1) "the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "the party wishing to repudiate the clause would effectively be deprived of h[er] day in court were the clause enforced"; or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy*, 362 F.3d at 1140 (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (en banc)). Plaintiff cannot demonstrate any of these three things. And Plaintiff's anticipated reliance on *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (9th Cir. 2024), is misplaced.

### 1.    *The Forum-Selection Clause Was Not A Product Of Fraud Or Overreaching*

To establish that the forum-selection clause should not be enforced due to fraud or overreaching,[3] Plaintiff must show that the forum-selection clause itself, as opposed to the entire contract, is the product of fraud or overreaching. *Crawford*, 2014 WL 6606563, at *5 n.3 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)). Plaintiff cannot meet that burden. She agreed—multiple times— to a forum-selection clause as a condition of signing into her account and purchasing tickets on Ticketmaster's website. Yue Decl. ¶ 5; Taylor Decl. ¶¶ 4–6. She was not forced to sign into her account or to purchase tickets on Ticketmaster's website. *See Oberstein v. Live Nation Ent., Inc.*, 2021 WL 4772885, at *9 (C.D. Cal. Sept. 20, 2021) (finding "a low level" of oppression or surprise related to the Terms because "Plaintiffs could choose not to attend these specific recreational events or purchase tickets on the secondary market"), *aff'd*, 60 F.4th 505 (9th Cir. 2023). Further, to

---

[3] Courts use coercion and overreach interchangeably. *See, e.g.*, *James Dar, LLC v. OJCommerce, LLC*, 2021 WL 4099450, at *4 (C.D. Cal. Sept. 9, 2021). Both contemplate "conduct short of fraud, involving 'undue influence' or 'overweening bargaining power.'" *Id.* (quoting *Bremen*, 407 U.S. at 12).

the extent Plaintiff contends that Ticketmaster's Terms are non-negotiable, courts have repeatedly rejected that argument as a basis to invalidate a forum-selection clause. *See Murphy*, 362 F.3d at 1141 ("To decline enforcement of a forum selection merely on the showing of non-negotiability and power difference … would disrupt the settled expectations of the parties."); *Crawford*, 2014 WL 6606563, at *5 ("Plaintiff's argument that the Terms and Conditions was not negotiable cannot rebut the presumption in favor of the forum selection clause." (citation omitted)). And if Plaintiff did not read the Terms or the clause, her failure to do so would not establish fraud or undue influence. *See Sandler*, 2016 WL 871626, at *2 (citing *Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1271 (C.D. Cal. 2008)).

### 2. *The Forum-Selection Clause Does Not Deprive Plaintiff Of Her Day In Court*

Plaintiff would not be deprived of her day in court if the forum-selection clause is enforced. The kind of hardship that rises to the level of depriving a plaintiff of her day in court requires a claim of "grave difficulty and inconvenience"—for instance, where "physical or other such difficulties, in addition to financial hardship, are present." *Am. Guard Servs., Inc. v. Mgmt. Info. Tech. Corp.*, 2011 WL 2940407, at *2 (C.D. Cal. July 21, 2011) (citation omitted); *cf. Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135, 1141–42 (N.D. Cal. 2000) (finding that enforcing a forum-selection clause would deprive financially limited quadriplegic plaintiffs of their day in court due to "degree, combination, [and] cumulative effect of severe physical *and* economic disabilities" which they faced (emphasis in original)). Plaintiff does not allege any grave difficulty that would prevent her from litigating in the Northern District of Illinois.

### 3. *The Forum-Selection Clause Does Not Violate The Public Policy Of This Forum*

Nor would enforcing the forum-selection clause violate "any strong public policy" of California. Indeed, "absent a total foreclosure of remedy in the transferee

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

13

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue." *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1205–06 (C.D. Cal. May 28, 2015) (citation omitted).  So unless Plaintiff can show that her "remedy is altogether foreclosed and unavailable in the transferee court," this Court should "not consider policy arguments unrelated to venue."  *Id.* at 1206 (citations omitted).

Plaintiff cannot make that showing.  This is not, for example, an exceptional case where transferring this dispute to the agreed-upon forum would waive a procedural or substantive right available to Plaintiff in this District.  *See, e.g.*, *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081–84 (9th Cir. 2009) (refusing to transfer case to the selected forum—Virginia state court—because it did not permit the plaintiffs to pursue a consumer class action and remedies under California consumer law).  To the contrary, transferring Plaintiff's suit to the Northern District of Illinois would not deprive her of any procedural or substantive right.

### 4.    *The Heckman Decision Does Not Foreclose Enforcement Of The Forum-Selection Clause*

Based on the parties' meet-and-confer efforts, Ticketmaster understands that Plaintiff intends to argue that the forum-selection clause is unenforceable under *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (9th Cir. 2024).  In that case, the Ninth Circuit held that the *arbitration* provisions in a *superseded* March 2, 2022 version of the New Era Rules were unenforceable under California unconscionability law.  *See id*. at 683–86.  *Heckman* did not address Ticketmaster's forum-selection clause. Although Plaintiff bears the burden of establishing the unenforceability of the forum-selection clause, *see LaCross*, 95 F. Supp. 3d at 1203, Ticketmaster briefly addresses *Heckman* with the hope of avoiding an unnecessary dispute about a case addressing a different provision of the Terms and an outdated version of the New Era Rules.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

14

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

As an initial matter, *Heckman* said nothing about the forum-selection clause in the "Special Provision Regarding Resale Tickets for Events Located in Illinois" of the Terms. Instead, *Heckman* primarily concerned provisions of the New Era Rules governing mass arbitrations. The Terms' forum-selection clause, which requires users to "submit to jurisdiction in Illinois" for "any *court* proceeding that may take place in conjunction with an arbitration" related to events in Illinois, such as a motion to compel arbitration, has nothing to do with the New Era Rules. *See* Tobias Decl. ¶ 12, Ex. 7.

Even if the New Era Rules were somehow relevant to the enforceability of the forum-selection clause, *Heckman* addressed the March 2, 2022 version of the New Era Rules. *Heckman v. Live Nation Ent., Inc.*, 686 F. Supp. 3d 939, 959 n.14 (C.D. Cal. 2023), *aff'd*, 120 F.4th 670 (9th Cir. 2024). After the district court decision in *Heckman* on August 10, 2023, New Era updated its Rules—including to address the specific issues raised in *Heckman*—on August 21, 2023, May 1, 2024, and August 22, 2024. Jovais Decl. ¶¶ 2–3, Exs. 1–4.[4] It is the amended New Era Rules, not the version at issue in *Heckman*, that apply to Plaintiff's claim. When Plaintiff purchased the tickets that form the basis of her Complaint on October 9, 2024, the Terms conspicuously hyperlinked to the New Era Rules effective as of August 22, 2024.

In any event, as noted, the forum-selection clause's selection of an Illinois *judicial* forum for any court proceedings arising from purchases of tickets to events in Illinois is completely unrelated to the New Era Rules. If Plaintiff wishes to challenge the validity of the updated version of the New Era Rules, she can do so in opposing a motion to compel arbitration if Ticketmaster chooses to file one after the

---

[4] As just one example, while *Heckman* faulted the March 2, 2022 version of the New Era Rules for not explicitly providing for adequate discovery, the current New Era Rules set forth a detailed process for discovery and make clear that the discovery process applies to all types of arbitration. *See* Jovais Decl., Ex. 1, Rules 6(a)(viii)(2), 2(o)(iii).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

15

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

present motion is resolved.

### D.    Section 1404(a)'s Public-Interest Factors Support Transfer And, At A Minimum, Do Not Overcome The Forum-Selection Clause

As noted, only in an "unusual" or "exceptional" case will the public-interest factors overcome the forum designated by a valid forum-selection clause. *Atl. Marine*, 571 U.S. at 60, 64. The public-interest factors considered under § 1404(a) include: "(1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to a particular forum." *Bernal v. Kohl's Corp.*, 2023 WL 8008977, at *5 (C.D. Cal. Nov. 17, 2023) (citation omitted). None of those factors overcomes the forum-selection clause that Plaintiff agreed to in Ticketmaster's Terms; to the contrary, they favor transfer.

The first, second, and third factors favor transfer. The Northern District of Illinois is more familiar than the Central District of California with applying and interpreting Illinois law. Moreover, Illinois has a far stronger interest than California, and an Illinois court has a far stronger interest than a California court, in handling a suit brought under an Illinois statute by a person who was an Illinois citizen at all relevant times concerning a ticketed event held in Illinois, even if the suit begins and ends with a motion to compel arbitration. *See Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1148–49 (C.D. Cal. 2009) (holding that public-interest factors supported transfer to New York of suit alleging violation of New York business law involving insurance policies delivered to New York policyholders, noting that New York has "significant interest in interpreting its own laws" and protecting New York residents).

The fourth factor, court congestion, is neutral. There are currently 65,686 cases pending in the Central District of California, which has 28 active district judges, while there are 58,128 cases pending in the Northern District of Illinois,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

16

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

which has 22 active district judges.[5]  Both districts have a large urban center and approximately the same case load per judge.

The final factor—costs associated with resolving a dispute unrelated to the forum—is also neutral.  Although Ticketmaster maintains its principal place of business in California, Plaintiff seeks relief under Illinois law concerning events that transpired in the Northern District of Illinois.

Because none of the five public-interest factors weigh against transfer, while three strongly support transfer, this case does not present the "extraordinary" circumstances demanded by *Atlantic Marine* to "defeat a transfer motion" and override a valid forum-selection clause.  *KMS, LLC v. Major League Trucking, Inc.*, 2023 WL 5333784, at *4 (C.D. Cal. July 25, 2023) (citing *Atl. Marine*, 571 U.S. at 52).

## V.    CONCLUSION

The Court should transfer this case to the Northern District of Illinois.

---

[5] *See* Lex Machina, "U.S. District Court for the Central District of California" (last visited Jan. 6, 2025) (detailing pending caseload); Lex Machina, "U.S. District Court for the Northern District of Illinois" (last visited Jan. 6, 2025) (detailing pending case load); "Biographical Directory of Article III Federal Judges, 1789–Present," Federal Judicial Center, https://www.fjc.gov/history/judges/search/advanced-search (last visited Jan. 15, 2025) (follow hyperlink; under "Enter Search Criteria," select "Court" and check "Central District of California"; under "Enter Search Criteria," select "Limit to Sitting Judges," and check "Active Judges"; repeat same process for "Northern District of Illinois; listing 28 active judges in Central District of California, and 22 active judges in Northern District of Illinois, not counting Judge Dow, who has retained his commission while on assignment as Counselor to the Chief Justice).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO
17
DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  January 17, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By  /s/ *Gary Feinerman*
       Gary Feinerman

*Attorneys for Defendant*
*Ticketmaster L.L.C.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

18

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK

## __CERTIFICATE OF COMPLIANCE__

The undersigned, counsel of record for Defendant, Ticketmaster L.L.C., certifies that this brief contains 5,552 words and 17 pages, which complies with the word limit of L.R. 11-6.1 and the page limit set by court order dated December 5, 2024 (Dkt. 9).


Dated:  January 17, 2025              /s/ *Gary Feinerman*
                                     Gary Feinerman

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

19

DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO § 1404(a)
Case No. 2:24-cv-10098-SVW-SK